## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 17 2020, 10:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mortimer H. McClendon, *Appellant-Defendant,* | July 17, 2020 |
| | Court of Appeals Case No. 19A-CR-2399 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable David M. Zent, Judge |
| | Trial Court Cause No. 02D05-1808-F4-64 |

**Kirsch, Judge.**

[1] Mortimer H. McClendon ("McClendon") was convicted of unlawful possession of a firearm by a serious violent felon,[1] a Level 4 felony, and dealing in a synthetic drug or synthetic drug lookalike substance,[2] a Level 6 felony, and was adjudicated as an habitual offender.[3] On appeal, McClendon argues that a police detective violated his rights under the Fourth Amendment to the United States Constitution and Article I, section 11 of the Indiana Constitution when the detective conducted an inventory search of the car in which McClendon rode as a passenger, with the search uncovering a handgun and illegal drugs. We address the following threshold issue: whether McClendon has standing under the Fourth Amendment or Article I, section 11 to challenge the inventory search.

[2] We affirm.

## Facts and Procedural History

[3] In the early hours of August 13, 2018, Rodney Belcher ("Belcher"), McClendon's friend, gave McClendon a ride in Belcher's Nissan Maxima ("the Nissan") to take McClendon to his girlfriend's residence. *Tr. Vol. 2* at 189-91. McClendon was carrying a bag when he entered the Nissan. *Id.* at 191. Belcher was the registered owner of the Nissan. *Id.* at 142. At approximately

---

[1] *See* Ind. Code § 35-47-4-5(c).

[2] *See* Ind. Code § 35-48-4-10.5 (repealed July 1, 2019).

[3] *See* Ind. Code § 35-50-2-8.

2:41 a.m., Fort Wayne Police Department ("FWPD") Detective Gavin Dambra ("Detective Dambra") observed that the license plate light of the Nissan was not working. *Id.* at 139. Once McClendon and Belcher noticed that Detective Dambra was trailing them, McClendon grabbed his bag and was able to place it in the trunk of the Nissan through the "pass through," which provided direct access to the trunk. *Id.* at 191, 197. Detective Dambra stopped the Nissan. *Id.* 139-40.

[4] Belcher was unable to provide insurance information on the Nissan, so Detective Dambra called for a tow truck to impound Belcher's vehicle. *Id.* at 142-44. Before the tow truck arrived, Detective Dambra conducted an "administrative" inventory search of the Nissan pursuant to FWPD procedures, uncovering the bag that McClendon had placed in the trunk. *Id.* at 144-47. The bag contained a semiautomatic 9-millimeter handgun; two large plastic bags that contained the synthetic drug "Spice"; a black scale; and a box of clear sandwich baggies, which collectively contained 377.11 grams of Fluoro ADB, a controlled substance. *Id.* at 148-49, 207; *Tr. Vol. 3* at 7.

[5] On August 16, 2018, the State charged McClendon with Count I: unlawful possession of a firearm by a serious violent felon; Count II: dealing in a synthetic drug or synthetic drug lookalike substance; Count III: possession of a synthetic drug or a synthetic drug lookalike substance; Count IV: invasion of privacy; and Count V: criminal mischief. *Appellant's App. Vol. II* at 24-29, 30-33. On September 24, 2018, the State filed a notice of intention to seek a habitual offender enhancement. *Id.* at 6, 57-58.

On March 29, 2019, McClendon filed a motion to suppress the evidence found inside of the Nissan, which the trial court denied the next day. *Id*. at 89-94. On June 7, 2019, McClendon filed a motion for certification of interlocutory order and for stay of proceedings pending appeal, which the trial court denied on June 25, 2019. *Id*. at 102-03. On July 26, 2019, the State filed a motion to dismiss counts III, IV, and V, which the trial court granted. *Id*. at 107-08. The two-day jury trial commenced on July 30, 2019. *Tr. Vol. 2* at 2. Following the proceedings, on August 2, 2019, McClendon was convicted of unlawful possession of a firearm by a serious violent felon and dealing in a synthetic drug or synthetic drug lookalike substance; he was also adjudicated as an habitual offender. *Appellant's App. Vol. II* at 15, 137-38, 166. On September 10, 2019, McClendon was sentenced to an aggregate term of eighteen years, with sixteen years executed. *Id*. at 164-67. McClendon now appeals.

## Discussion and Decision

McClendon contends that his rights under the Fourth Amendment to the United States Constitution and Article I, section 11 of the Indiana Constitution were violated by the inventory search of Belcher's Nissan. A person's Fourth Amendment rights against unreasonable search and seizure are personal. *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). To raise a challenge under the Fourth Amendment, a defendant must have a legitimate expectation of privacy in the place that is searched, *id*., or show that government obtained information by physically intruding on a constitutionally protected area. *United States v. Jones*, 565 U.S. 400, 407 (2012).

[8] To raise a challenge under Article I, section 11, a defendant "must establish ownership, control, possession, or interest in the premises searched." *Barker v. State*, 96 N.E.3d 638, 647 (Ind. Ct. App. 2018), *trans. denied*. "Many search and seizure issues are resolved in the same manner under both the Indiana and Federal Constitutions." *Campos v. State*, 885 N.E.2d 590, 596 (Ind. 2008). "[F]ederal precedent addressing standing of a passenger asserting an interest in a searched vehicle is equally applicable under the Indiana Constitution." *Id*. at 598. Passengers in a car driven by the owner do not have standing to challenge a search of the car. *Id.*

[9] Here, McClendon lacks standing under both the Fourth Amendment and Article I, section 11 to challenge the inventory search. Belcher owned the Nissan, and McClendon was a mere passenger. *Tr. Vol. 2* at 142. McClendon concedes both facts. *See Appellant's Br.* at 15. Therefore, McClendon lacked a legitimate expectation of privacy in the Nissan, and he failed to demonstrate that he had a possessory interest in the Nissan. *See Carter*, 525 U.S. at 88; *Barker*, 96 N.E.3d at 647. Similarly, McClendon has not even contended he had a possessory interest in the bag containing the handgun and illegal drugs. Accordingly, McClendon lacks standing to challenge the propriety of the inventory search under the Fourth Amendment and Article I, section 11. *See Campos*, 885 N.E.2d at 598.

[10] Affirmed.

Najam, J., and Brown, J., concur.